# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 28, 2005

129192

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

DENISE LOUISE POWELL,
      Defendant-Appellee.

SC: 129129
COA: 256878
Livingston CC: 04-014120-FH

_____/

On order of the Court, the application for leave to appeal the June 7, 2005 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and REMAND this case to that court for reconsideration and application of the four-factor test for resolving curtilage questions detailed in *United States v Dunn*, 480 US 294, 301; 107 S Ct 1134; 94 L Ed 2d 326 (1987).

CORRIGAN, J., concurs and states as follows:

I concur in the order to remand. I write separately to highlight a problem with the Court of Appeals analysis under review. I also write to point out a conflict between the panel's opinion and another unpublished Court of Appeals opinion, as well as a contrary published federal district court case approving identical police behavior in Hamburg Township.

In this case, the police received an anonymous tip that marijuana was being grown at defendant's house. An officer went to defendant's house to see if she could obtain consent to search for the marijuana under the "knock and talk" procedure, a constitutional method for police to obtain consent to search. *People v Frohriep*, 247 Mich App 692, 701 (2001). When the officer knocked on the front door, no one answered. Because the officer heard a dog barking inside the house, she walked around to the backyard to see if anyone was home. Although the officer committed a technical trespass by entering defendant's backyard, "'a mere "technical trespass" did not transform an otherwise reasonable investigation into an unreasonable search.'" *People v Houze*, 425 Mich 82, 93 (1986) (Cavanagh, J.), quoting *United States v Connor*, 478 F2d 1320, 1323 (CA 7, 1973).

The officer entered the backyard by walking through the side yard next to defendant's garage. While no sidewalk or path led to the backyard, no fencing or landscaping barred access. As the officer rounded the back corner of the house, she immediately observed marijuana plants in the garden adjacent to the back porch deck. This garden was not visible from the front of the house or the road. Police thereafter arrested defendant for manufacturing marijuana.

The trial court denied defendant's motion to suppress the marijuana after holding an evidentiary hearing. The court found that, in light of the barking dog inside the house and the lack of any indication that the officer should not enter the backyard, the officer properly entered the backyard. The trial court found that the officer entered the backyard not to search for the marijuana, but to find someone to talk to. An appellate court reviews a trial court's findings of fact at a suppression hearing for clear error. *People v Custer*, 465 Mich 319, 325 (2001). Nothing in the record reflects that the court's factual findings were clearly erroneous.

The Court of Appeals nonetheless reversed, holding that in traversing the side yard to round the corner of the house, the officer invaded a portion of the curtilage of defendant's house in which defendant had manifested a reasonable expectation of privacy. The Court of Appeals found that the side yard area "was landscaped to communicate privacy and showed no evidence of use inconsistent with the landscaping." This "finding" is not supported in the record. Indeed, it conflicts with the trial court's finding that defendant did not manifest a reasonable expectation of privacy in her backyard because no fence, sign, or anything else existed indicating that access to the backyard was prohibited. The Court of Appeals may not ignore a trial court's factual findings and substitute its own findings. *People v Farrow*, 461 Mich 202, 209 (1999).

The Court of Appeals opinion here also conflicted with *People v Pemberton*, unpublished opinion per curiam of the Court of Appeals, issued April 3, 2003 (Docket No. 238522). In *Pemberton, supra,* slip op at 1, the police went to the defendant's home to execute a "knock and talk" after receiving a tip that the defendant was growing marijuana. When no one answered the door, the police went to the rear of the home to see if anyone was outside. *Id.* While walking back to their car after finding no one in the backyard, the officers saw a marijuana plant in a pot. *Id.* The Court of Appeals held that the trial court did not clearly err in finding that (1) the officers acted reasonably when they went into the defendant's backyard to look for the defendant, and (2) the defendant did not have a reasonable expectation of privacy in the rear of his home because the public was not barred from the area and there were no signs instructing the public to stay out. *Id.* at 2. Therefore, the Court of Appeals affirmed the trial court's denial of the defendant's motion to suppress. *Id.* at 3.

The Court of Appeals opinion here also conflicted with a recent published federal district court decision, *Hardesty v Hamburg Twp*, 352 F Supp 2d 823 (ED Mich,

2005). *Hardesty* considered similar facts involving the same police department. In *Hardesty*, the federal district court held that the officers did not violate the defendants' Fourth Amendment rights when they knocked on the front door and, receiving no answer, went onto a deck in the rear of the house and looked through the window.

In *Hardesty*, the district court also discussed a Sixth Circuit case holding that similar police action did not violate the defendant's Fourth Amendment rights:

> In *United States v. Hopper*, 58 Fed. Appx. 619, 2003 WL 152316 at 3-4 (6th Cir. 2003), the Sixth Circuit found that a raised deck behind the appellant's home was not entitled to any Fourth Amendment warrant protection. In Hopper, police officers knocked on the appellant's front door and no one responded, then the officers went around to the back of the house to knock on appellant's back door. 58 Fed. Appx. 619, [WL] at 2. When the officers went around back[,] the police officers observed contraband under a raised deck behind the appellant's home. 58 Fed. Appx. 619, [WL] at 2-3. In Hopper, the appellant's home, like the Hardestys' home, was not enclosed, furthermore, the appellant, similar to the Hardestys, had not taken any special measures to protect the area from observation. 58 Fed. Appx. 619, [WL] at 3. However, unlike the present case, the appellant in Hopper had three "No Trespassing" signs. *Id.* 58 Fed. Appx. 619, [WL] at 2. [*Hardesty, supra* at 829.]

I hope that the panel assigned on remand will consider these problems.

KELLY, J., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 28, 2005

Clerk