# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL ANDREW RADANDT,

        Defendant-Appellant.

UNPUBLISHED
December 2, 2014

No. 314337
St. Joseph Circuit Court
LC No. 12-017690-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MASON ALAN FULLER,

        Defendant-Appellant.

No. 314431
St. Joseph Circuit Court
LC No. 11-017611-FH

---

Before: SHAPIRO, P.J., and WHITBECK and STEPHENS, JJ.

SHAPIRO, P.J. (*dissenting*).

I respectfully dissent.

The "knock and talk procedure" is a narrow exception to the Fourth Amendment requirement that a police officer obtain a warrant before entry into a person's home or its curtilage. See *People v Frohriep*, 247 Mich App 692, 697; 637 NW2d 562 (2001). Its legal basis is that police officers, like any other person, may make brief restricted entry onto property in order to knock on the door intended for use by solicitors or other strangers. See *People v Galloway*, 259 Mich App 634, 640; 675 NW2d 883 (2003). If the door is answered, the officers may request permission to ask questions and/or search. *Frohriep*, 247 Mich App at 697. Without receiving such permission, however, any police conduct beyond that initial attempt is constitutionally barred absent some other applicable exception to the warrant requirement of the Fourth Amendment.

-1-

In *Galloway*, 259 Mich App at 636, we considered "whether the knock and talk visit can be used as the premise for a warrantless entry of the backyard area of defendant's home[.]"  We answered that question in the negative, ruling that "extending the concept of the 'knock and talk' visit  . . .  to cover entry of the backyard of defendant's home violates the constitutional protection against unreasonable search and seizure." *Id*.  We explained that the knock and talk procedure is not intended to serve as a basis to conduct "an investigatory entry of the back area of defendant's home.  Such investigatory entry by law enforcement fails Fourth Amendment safeguards." *Id*. at 640.

It is possible that, in rare circumstances, the knock and talk procedure may provide for lawful entry into a person's backyard.  For example, if there is unequivocal direction, such as a note on the front door, that directs solicitors to the back door, I would agree that going to the back door is proper.  However, no such unequivocal direction existed here.  Moreover, the burden must be on the state to demonstrate the facts that justify concluding that the rear door of the home represents the public entrance.   In a recent U.S. Supreme Court case, *Florida v Jardines*, ___ US ___; 133 S Ct 1409, 1414; 185 L Ed 2d 495 (2013) both the majority and dissenting opinions agreed that the question is not merely whether a door is present, but whether that door is the public entrance for use by strangers.  The majority stated:

> We have accordingly recognized that "the knocker on the front door is treated as an invitation or license to attempt an entry, justifying ingress to the home by solicitors, hawkers and peddlers of all kinds."  This implicit license typically permits the visitor to approach the home by the front path, knock promptly, wait briefly to be received and then (absent invitation to linger longer) leave.  Complying with the terms of that traditional invitation does not require fine-grained legal knowledge; it is generally managed without incident by the Nation's Girl Scouts and trick-or-treaters.  Thus a police officer not armed with a warrant may approach a home and knock, precisely because that is "no more than any private citizen might do." [*Jardines*, 133 S Ct at 1415-1416 (citations omitted).]

The dissent in *Jardines* similarly observed: "The law of trespass generally gives members of the public a license to use a walkway to approach the front door of a house and to remain there for a brief time." *Id*. at 1420 (ALITO, J., dissenting).

If an officer wishes to use the general rights of solicitor access to a residence, such as those afforded Girl Scouts, trick-or-treaters, as well as salespersons and canvassers, i.e., to knock on a stranger's front door, he may certainly do so and, if received by the resident, he may ask permission for greater access.  However, we should not fool ourselves into concluding that it is routine for Girl Scouts and trick-or-treaters, or even salespersons or canvassers, to wander around someone's backyard if they do not receive an answer at the front door.[1]   If a police

---

[1] For this reason, I reject the majority's suggestion that the mere presence of "various observable signs that the residents were present" allows officers to seek out other entrances to a residence after a knock on the front door yields no response.

officer wishes to enter the backyard he still may do so, so long as he first receives a warrant issued on probable cause by a neutral magistrate.[2]

Accordingly, I respectfully dissent.

/s/ Douglas B. Shapiro

---

[2] Of course, other warrant exceptions may allow such access, but none are relevant to this issue.