*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

DERRELL ANDRE RICHARDSON,

Defendant-Appellee.

UNPUBLISHED
January 24, 2019

No. 341836
Genesee Circuit Court
LC No. 17-042113-FH

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

CAVANAGH, J. (*dissenting*).

I would affirm the trial court's order granting defendant's motion to suppress the evidence obtained during this traffic stop. The trial court concluded that defendant properly stopped at the stop sign and I do not believe that this finding is clearly erroneous. MCL 257.649(8) states:

> Except when directed to proceed by a police officer, the driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection, or if there is not a crosswalk shall stop at a clearly marked stop line; or if there is not a crosswalk or a clearly marked stop line, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway.

It is clear from the dash camera video that defendant stopped his vehicle a bit beyond the stop sign. It is also evident from the video that the stop sign is set a distance back from the intersection and a driver likely would not have a sufficient view of approaching traffic on the intersecting roadway if the driver actually stopped before the stop sign or unmarked "crosswalk." The trial court concluded that defendant did not violate MCL 257.649(8) and as a reviewing court we are to accord deference to the lower court's resolution of factual issues. See *People v Burrell*, 417 Mich 439, 448; 339 NW2d 403 (1983); *People v Frohriep*, 247 Mich App 692, 702; 637 NW2d 562 (2001). After review of the record evidence, I am not left with a definite and

firm conviction that a mistake has been made in this regard. See *People v Roberts*, 292 Mich App 492, 502; 808 NW2d 290 (2011) (quotation marks and citation omitted). Accordingly, I would affirm the trial court's decision.


/s/ Mark J. Cavanagh