*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GERREN YOUNG,

        Defendant-Appellant.

UNPUBLISHED
November 21, 2019

No. 344888
Wayne Circuit Court
LC No. 17-006476-01-FH

Before: CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction for carrying a concealed weapon (CCW), MCL 750.227. We affirm.

On March 25, 2017, at about 4:30 a.m., Detroit Police Officer Troy Wesley and his partner were on patrol when they were notified that a person was unconscious in a vehicle in the drive-thru lane of a Taco Bell. They were dispatched to determine what was wrong. They located the vehicle and pulled behind it. The vehicle was a large truck and it was running. Officer Wesley went to the driver's side of the vehicle and saw defendant in the driver's seat. He appeared to be asleep. Officer Wesley knocked on the window and defendant eventually woke up. Defendant was asked to step out of the vehicle so that Officer Wesley could determine defendant's state of well-being since he had been unconscious or asleep. Officer Wesley asked defendant where he was coming from and if he had been drinking or was on any medication. Defendant said he had come from a video shoot and denied drinking or being on medication. Officer Wesley then asked if defendant had a gun on his person or in his vehicle. At first defendant said that he did not, but a few seconds later he admitted that there was a gun in his vehicle between the driver's seat and center console. Defendant was then handcuffed and Officer Wesley retrieved the gun from the vehicle. After defendant denied having a concealed pistol license (CPL), he was arrested.

During closing arguments at defendant's bench trial, defendant's counsel requested the court to find that defendant's constitutional rights were violated because the police officer had no right to approach defendant who had committed no unlawful act.[1] And, to the extent that the encounter was a "welfare check," Officer Wesley went beyond its permissible scope. Further, the search of the vehicle also violated defendant's rights because it was conducted without consent or exigent circumstances. The prosecution responded that defendant was not in custody when he was questioned by Officer Wesley; thus, there was no constitutional violation. Further, defendant freely volunteered that he had a gun in his vehicle which gave Officer Wesley probable cause to search that vehicle. No search warrant or consent to search was required.

In rendering its decision, the trial court addressed, and rejected, defendant's argument that his constitutional rights were violated. The court held that the "investigatory stop" of defendant to determine why he was unconscious and whether a crime had been committed or if defendant needed assistance was proper and not an unreasonable search or seizure under the Fourth Amendment. Further, the court concluded, Officer Wesley did recover a gun from defendant's vehicle after defendant admitted that he had a gun and its location in the vehicle. Defendant did not have a CPL. Accordingly, the court found defendant guilty of CCW, as charged. This appeal followed.

Defendant argues that there was no probable cause to investigate him and the arresting officer engaged in illegal activity in making the arrest; therefore, the gun obtained as a result of the arrest should have been suppressed. We disagree.

Because the trial court ultimately considered the Fourth Amendment issue raised in defendant's motion to suppress, we consider the matter preserved for appellate review. "Application of the exclusionary rule to a Fourth Amendment violation is a question of law that is reviewed de novo." *People v Jenkins*, 472 Mich 26, 31; 691 NW2d 759 (2005). A trial court's decision on a motion to suppress evidence is also reviewed de novo, but its findings of fact are reviewed for clear error. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005); *People v Woodard*, 321 Mich App 377, 382-383; 909 NW2d 299 (2017).

Generally, a search or seizure conducted without a warrant is presumptively unreasonable, and thus, unconstitutional. *People v Barbarich*, 291 Mich App 468, 472; 807 NW2d 56 (2011). However, the Fourth Amendment[2] protections against unreasonable searches and seizures only apply to governmental conduct that can reasonably be characterized as a "search" or a "seizure." *People v Frohriep*, 247 Mich App 692, 699; 637 NW2d 562 (2001). Not all encounters between police officers and persons are "seizures." *Jenkins*, 472 Mich at 32.

---

[1] Before the trial, defendant had filed a motion to suppress evidence premised on the argument that "the question and answer between the Defendant and the police was unnecessary and intrusive," in violation of the Fourth Amendment because defendant "was not under the reasonable suspicion of criminal activity." The court declined to hear the pretrial motion as untimely filed in violation of the court's scheduling order.

[2] US Const, Am IV; Const 1963, art 1 § 11.

"A 'seizure' within the meaning of the Fourth Amendment occurs only if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave." *Id*. In other words, a person may be approached in a public place by an officer and asked questions and, unless there is some form of coercion or detention, there is no seizure. *Id*. at 33; *People v Shabaz*, 424 Mich 42, 56-57; 378 NW2d 451 (1985) (citation omitted); see also *Muehler v Mena*, 544 US 93, 100-101; 125 S Ct 1465; 161 L Ed 2d 299 (2005) ("We have held repeatedly that mere police questioning does not constitute a seizure." (quotation marks and citation omitted)).

In this case, contrary to defendant's argument and the trial court's conclusion, this was not initially a "*Terry* stop" or "investigative stop." See *Terry v Ohio*, 392 US 1, 30-31; 88 S Ct 1868; 20 L Ed 2d 889 (1968). A *Terry* stop occurs when a police officer briefly stops a person because the officer has a reasonable, articulable suspicion that the person has committed or is committing a crime given the totality of the circumstances. *Barbarich*, 291 Mich App at 473. Here, Officer Wesley did not conduct a traffic stop of defendant's vehicle. Defendant's vehicle was already stopped in the drive-thru lane of a fast food place. And defendant was in the driver's seat unconscious or asleep with his engine running.

When Officer Wesley initially approached defendant in his vehicle, and then asked him questions after he woke up, he was merely attempting to determine defendant's well-being considering his odd behavior. This interaction between defendant and Officer Wesley—both the officer's initial approach and questioning—did not constitute a *Terry* stop or "seizure." Again, this interaction did not arise from a traffic stop and there was no evidence of coercion or indication that defendant was not free to leave. See *Jenkins*, 472 Mich at 33. Police officers do not violate the Fourth Amendment merely by approaching and questioning a person in a public place—particularly in the unusual circumstances presented in this case. See *People v Anthony*, 327 Mich App 24, 32; 932 NW2d 202 (2019) (citation omitted). The Fourth Amendment is not intended to eliminate all contact between police and citizens; its purpose is "to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." *Id*. (quotation marks and citations omitted).

However, in response to Officer's Wesley's noncoercive questioning, defendant voluntarily admitted that he had a gun in his vehicle between the driver's seat and center console. Then defendant was handcuffed. At this point, the encounter between defendant and Officer Wesley transformed into a *Terry* stop, i.e., a seizure. Clearly, defendant was not free to leave. See *Jenkins*, 472 Mich at 32. But under *Terry*, a police officer may temporarily detain a person to permit the investigation of possible criminal behavior even if probable cause to arrest does not exist. *Barbarich*, 291 Mich App at 473. Defendant's admission that he had a gun in his vehicle gave Officer Wesley probable cause to detain defendant, as well as to conduct a search of defendant's vehicle for the gun. See *id*.; see also *Adams v Williams*, 407 US 143, 146; 92 S Ct 1921; 32 L Ed 2d 612 (1972) (during a *Terry* stop an officer may "conduct a limited protective search for concealed weapons"). After the gun was retrieved and defendant denied having a CPL, Officer Wesley had probable cause to arrest defendant for CCW. See *Shabaz*, 424 Mich at 58. Accordingly, the temporary seizure of defendant after he voluntarily disclosed that he had a gun in his vehicle, and the search of that vehicle, were permissible under the totality of the circumstances. Therefore, we agree with the trial court's conclusion that defendant's Fourth

Amendment rights were not violated, albeit for different reasons. Accordingly, defendant's motion to suppress was properly denied.

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro