*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
May 25, 2023

v

JIMMIE YOUNG,

        Defendant-Appellant.

No. 359570
Wayne Circuit Court
LC No. 18-004460-01-FC

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

GARRETT, J. (*dissenting*).

I respectfully dissent from the majority's conclusion that defendant validly waived his *Miranda*[1] rights and would conclude that the trial court erred by denying the motion to suppress defendant's statements to the police. Although defendant waived any remedy on his *Miranda* claim by entering a no-contest plea, I would remand for a *Ginther*[2] hearing to develop a factual record on defendant's ineffective assistance of counsel claim related to trial counsel's failure to file an interlocutory appeal.

## I. MOTION TO SUPPRESS

Unlike the majority, I would hold that the trial court erred by denying defendant's motion to suppress statements made during his interrogation. While defendant voluntarily waived his *Miranda* rights, I do not agree that he did so knowingly and intelligently. Therefore, the trial court should have suppressed any statements made after this deficient waiver.

We "review de novo the trial court's ultimate decision on a motion to suppress." *People v Frohriep*, 247 Mich App 692, 702; 637 NW2d 562 (2001). That means we review the legal issue independently, "with no required deference to the trial court." *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019). "Although engaging in de novo review of the entire record, this Court will

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

not disturb a trial court's factual findings regarding a knowing and intelligent waiver of *Miranda* rights unless that ruling is found to be clearly erroneous." *People v Cheatham*, 453 Mich 1, 30; 551 NW2d 355 (1996) (quotation marks and citations omitted). Factual findings are clearly erroneous when the reviewing court is left with a "definite and firm conviction that the trial court made a mistake." *People v Wiley*, 324 Mich App 130, 165; 919 NW2d 802 (2018) (quotation marks and citation omitted).

In *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), the United States Supreme Court held that "the accused must be given a series of warnings before being subjected to 'custodial interrogation' in order to protect his constitutional privilege against self-incrimination."[3] *People v Tanner*, 496 Mich 199, 207; 853 NW2d 653 (2014), citing *Miranda*, 384 US at 444-445, 477-479. The accused "must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda*, 384 US at 444. After the suspect is provided with the required warnings, he may waive his *Miranda* rights, so long as the waiver is knowing, intelligent, and voluntary. *Tanner*, 496 Mich at 209.

When reviewing the validity of a *Miranda* waiver, there are "two distinct dimensions" of the inquiry—whether the waiver was voluntary, and whether it was knowing and intelligent. *Moran v Burbine*, 475 US 412, 421; 106 S Ct 1135; 89 L Ed 2d 410 (1986). The *Moran* Court explained:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. [*Id*. (quotation marks and citation omitted).]

Put differently, "whether a waiver of *Miranda* rights is voluntary depends on the absence of police coercion," but whether it was "knowing and intelligent requires an inquiry into the suspect's level of understanding, irrespective of police behavior." *People v Daoud*, 462 Mich 621, 635-636; 614 NW2d 152 (2000). To establish a knowing and intelligent waiver, the prosecution must prove by a preponderance of the evidence "that the accused understood that he did not have to speak, that he had the right to the presence of counsel, and that the state could use what he said in a later trial against him." *Cheatham*, 453 Mich at 27, 29. A written waiver is strong evidence of a valid waiver. *Id*. at 31. "Intoxication from alcohol or other substances can affect the validity of a waiver of Fifth Amendment rights, but is not dispositive." *People v Tierney*, 266 Mich App 687, 707; 703 NW2d 204 (2005).

---

[3] This privilege stems from the Fifth Amendment of the United States Constitution, which provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." US Const, Am V. See also Const 1963, art 1, § 17.

The trial court clearly erred when it found that defendant knowingly and intelligently waived his *Miranda* rights, despite being intoxicated while making his statements to the police. First, the trial court's specific finding of intoxication was well-supported by a review of the interrogation video. Not only did defendant state that he had been drinking that night, but he spoke slowly, his eyes did not appear to be all the way open, and he alternated between slumping in his chair and leaning against the wall. Besides defendant's intoxication, Detective Menge's execution of the *Miranda* waiver process was, at best, misleading. When the interview began, Detective Menge quickly read defendant the *Miranda* warnings off of the waiver form. Detective Menge continued: "If you understand that I just read you this form—actually I read you each line. Could you just initial each line and sign here? *It just means I read you this form. That's all. Nothing more*." That statement was untrue. The form stated that, by signing it, defendant was acknowledging he read and understood his *Miranda* rights. Detective Menge passed the waiver form to defendant without instructing or inviting defendant to read it. Defendant immediately began signing the form after Detective Menge slid it across the table to him, and Detective Menge simultaneously asked about defendant's dog. Defendant and Detective Menge spoke about defendant's dog the entire time defendant was signing and initialing the waiver form. Defendant did not appear to read the form, and he was never asked if he understood his rights.

While defendant's signature and initials on the form support a finding of a valid waiver, *Cheatham*, 453 Mich at 31, the prosecution nevertheless failed to prove by a preponderance of the evidence that defendant made a knowing and intelligent waiver of his rights. Defendant was given inaccurate information about the effect of signing the waiver. Rather than telling defendant that the form contained an acknowledgment that he understood his rights, Detective Menge told defendant that the form merely acknowledged that his rights had been read to him. And rather than encouraging defendant to read the form himself, Detective Menge engaged an intoxicated defendant in small talk while he watched defendant sign the form. Defendant never verbalized an understanding of his *Miranda* rights, and his later references to an attorney demonstrate that he may not have understood the rights he was waiving.[4] Under the totality of the circumstances, defendant did not demonstrate the requisite level of comprehension to make a knowing and intelligent waiver. See *Moran*, 475 US at 421.

In *Cheatham*, our Supreme Court concluded that the defendant validly waived his *Miranda* rights where "the police officers who questioned defendant administered the required warnings, sought to insure that he understood each warning by inquiring after each warning whether he understood what the warning meant, and obtained an express written waiver before questioning him." *Cheatham*, 453 Mich at 30. Here, unlike in *Cheatham*, there was no evidence or confirmation that defendant understood the rights he was waiving. Detective Menge inaccurately portrayed the substance of the waiver form when he told defendant that by signing the waiver form, defendant was merely acknowledging that Detective Menge had read the form. The totality of the circumstances establish that defendant lacked a "full awareness of both the nature of the right being

---

[4] I agree with the majority that Detective Menge was not required to cease questioning during the interrogation when defendant mentioned speaking with an attorney because defendant did not unequivocally invoke his right to counsel. See *Davis v United States*, 512 US 452, 459; 114 S Ct 2350; 129 L Ed 2d 362 (1994).

abandoned and the consequences of the decision to abandon it." *Moran*, 475 US at 421. Therefore, I would conclude that the trial court clearly erred by finding that defendant made a knowing and intelligent waiver.

Despite defendant's insufficient waiver, I agree with the majority that defendant is not entitled to relief on this basis alone. "[I]n protecting a defendant's Fifth Amendment privilege against self-incrimination, *Miranda* safeguards a fundamental *trial* right." *Withrow v Williams*, 507 US 680, 691; 113 S Ct 1745; 123 L Ed 2d 407 (1993) (quotation marks and citations omitted). For that reason, "[i]f the custodial interrogation is not preceded by an adequate warning, statements made during the custodial interrogation may not be introduced into evidence at the accused's criminal trial." *People v Elliott*, 494 Mich 292, 301; 833 NW2d 284 (2013), citing *Miranda*, 384 US at 444-445. By entering an unconditional no-contest plea, defendant waived his panoply of trial rights. As our Supreme Court has held, "[w]here the claim sought to be appealed involves only the capacity of the state to prove defendant's factual guilt, it is waived by a plea of guilty or [no contest]." *People v New*, 427 Mich 482, 496; 398 NW2d 358 (1986). This rule of waiver includes the right to "raise as error on appeal the denial of a motion to suppress evidence." *Id*. at 485. Thus, while the trial court erred by denying defendant's motion to suppress, defendant waived his right to appeal that decision by entering a no-contest plea.[5] See *id*.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Potentially recognizing that he waived his right to challenge the trial court's denial of his motion to suppress by pleading no contest, defendant additionally argues that his retained trial counsel was ineffective by failing to pursue an interlocutory appeal of that decision. I would remand for a *Ginther* hearing on this claim.[6]

The Michigan and United States Constitutions require that criminal defendants receive the assistance of counsel in their defense. Const 1963, art 1, § 20; US Const Am VI. When reviewing an ineffective assistance of counsel claim, Michigan courts apply the two-pronged test adopted by the United States Supreme Court in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Pickens*, 446 Mich 298, 309, 338; 521 NW2d 797 (1994). Under this test, a defendant must establish (1) that "counsel's performance fell below an objective standard of reasonableness" and (2) that "but for counsel's deficient performance, a different result would have been reasonably probable." *People v Armstrong*, 490 Mich 281, 290-291; 806 NW2d 676 (2011), citing *Strickland*, 466 US at 687-688, 694-696. For the performance prong, "a defendant

---

[5] As will be discussed, there is no record evidence indicating whether trial counsel advised defendant about the possibility of entering a conditional no-contest plea to preserve a challenge to the trial court's denial of his motion to suppress.

[6] Defendant filed his application for leave to appeal in this Court concurrently with a motion to remand for a *Ginther* hearing. A motion panel of this Court granted defendant's application but denied the motion to remand. *People v Young*, unpublished order of the Court of Appeals, entered January 26, 2022 (Docket No. 359570). Nevertheless, this Court is authorized "at any time" and "on the terms it deems just" to "remand the case to allow additional evidence to be taken." MCR 7.216(A)(5). I would exercise this discretion here.

must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). And to meet the prejudice standard in the plea context, the defendant must show a reasonable probability that the outcome of the plea process would have been different had counsel not performed unreasonably. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

Regarding trial counsel's performance, the available record evidence supports defendant's contention that he urged counsel to file an interlocutory appeal of the trial court's denial of the motion to suppress and that counsel failed to do so. Prior to entering his no-contest plea, the trial court asked defendant whether he was satisfied with trial counsel's representation. Defendant stated that he had wanted an interlocutory appeal filed on the denial of the motion to suppress but that counsel did not file it. And on appeal, defendant has offered an affidavit in which he attests that counsel agreed to file an interlocutory appeal when defendant hired counsel to replace his prior attorney. This allegation aligns with the timeline of events, as the trial court denied defendant's motion to suppress on September 7, 2018. Defendant's new retained counsel entered his first appearance in the case one week later, on September 14, 2018, so time remained to file an interlocutory appeal. See MCR 7.205(A).

Putting aside our disagreement on the merits of defendant's motion to suppress, the majority argues that counsel had legitimate strategic reasons to forgo an interlocutory appeal. While a presumption exists that counsel exercised sound strategy, "a court cannot insulate the review of counsel's performance by calling it trial strategy; counsel's strategy must be sound, and the decisions as to it objectively reasonable." *People v Ackley*, 497 Mich 381, 388-389; 870 NW2d 858 (2015) (quotation marks and citation omitted). I agree that counsel may have had sound strategic reasons for declining to file an interlocutory appeal. But without any record of those reasons, and considering defendant's contention that he hired new trial counsel to file such an appeal, I would allow defendant to explore counsel's rationale at a *Ginther* hearing before concluding that defendant failed to establish counsel's deficient performance.

Similarly, the majority concludes that defendant is not entitled to relief because there was no evidence that "defendant wished to condition his plea on his ability to appeal the trial court's ruling on his motion to suppress, let alone that the prosecution would have agreed to such a condition." The majority also notes there was no evidence that "defendant was incorrectly advised by his trial counsel that he would be able to appeal the order denying his motion to suppress the evidence of his statements to police if he pleaded no-contest." Again, I believe the better vehicle for resolving this issue would first be a *Ginther* hearing after which testimony could establish what advice, if any, trial counsel gave to defendant about the availability of a conditional plea. Defendant simply may not have known that a conditional plea was a possibility at the time, so the absence of evidence below that he wished to condition his plea may not be particularly useful.

Finally, the majority states that "[d]efendant has not pointed to any authority supporting the proposition that a trial attorney's performance is ineffective when he or she does not file an interlocutory appeal of a trial court's ruling, even when a defendant insists upon the interlocutory appeal." That is factually accurate but unhelpful because it appears that no published caselaw has addressed whether such a claim is possible. The absence of a published decision is not fatal to defendant's claim, as his claim rests on the well-established two-prong test for establishing ineffective assistance of counsel. Defendant's brief adequately analyzes this legal framework for

-5-

an ineffective assistance claim in the plea context. That said, I also note that this Court has, in several unpublished decisions,[7] recognized the possibility of a meritorious ineffective assistance of counsel claim based on trial counsel's failure to file an interlocutory appeal. See, e.g., *People v McCants*, unpublished per curiam opinion of the Court of Appeals, issued July 17, 2018 (Docket No. 331248), p 10; *People v Cavender*, unpublished per curiam opinion of the Court of Appeals, issued July 10, 2018 (Docket No. 336610), p 5; *People v Booker*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2017 (Docket Nos. 326570, 332975), pp 11-12. I agree that under the proper circumstances, such a claim is viable. Because the limited factual record makes it difficult to assess the merits of defendant's ineffective assistance claim, I would remand for a *Ginther* hearing.[8]

### III. CONCLUSION

I respectfully dissent from the majority's conclusion that the trial court properly denied defendant's motion to suppress because the prosecution failed to establish that defendant knowingly and intelligently waived his *Miranda* rights. While I would hold that defendant's statements to the police should have been suppressed by the trial court, defendant waived any remedy under *Miranda* by pleading no contest. Rather than affirm, however, I would remand for a requested *Ginther* hearing on defendant's claim that trial counsel was ineffective for failing to file an interlocutory appeal of the trial court's order denying defendant's motion to suppress.

/s/ Kristina Robinson Garrett

---

[7] Unpublished decisions are not binding, but we may consider them for their persuasive value. *People v Swenor*, 336 Mich App 550, 563 n 7; 971 NW2d 33 (2021).

[8] I agree with the majority's discussion of the voluntariness of defendant's plea in section V of its opinion. But I would decline to address the separate issue of plea withdrawal in section IV until the record is developed at a *Ginther* hearing. Whether withdrawal is in the interest of justice depends, at least in part, on whether defendant was denied the effective assistance of counsel through counsel's failure to pursue an interlocutory appeal. Had an interlocutory appeal been successful, as I believe it would have been, the admissible evidence against defendant would have been far weaker without his inculpatory statements. As a result, defendant would have been in a more favorable position and the plea process may have looked very different.